UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LEE HENRY,

       Petitioner,

v.

CASE NO. 06-CV-15706
HONORABLE AVERN COHN

BLAINE LAFLER,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Daniel Lee Henry ("Petitioner"), a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, claims that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree criminal sexual conduct and second-degree criminal sexual conduct following a jury trial in the Oakland County Circuit Court in 2003. Petitioner raises claims of prosecutorial misconduct, sentencing error, and ineffective assistance of counsel. For the reasons that follow, the petition will be denied.

### II. Facts and Procedural History

Petitioner's convictions arise from his sexual assault of a seven-year-old girl at the girl's residence in Pontiac, Michigan on December 6, 2002. A jury found Petitioner guilty of one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. The trial court subsequently sentenced Petitioner as a

second habitual offender to concurrent terms of 14 years to 30 years imprisonment and 3 years 11 months to 22 years 6 months imprisonment. In sentencing as a second habitual offender, the trial court relied upon a prior California drug conviction to sentence Petitioner as a second habitual offender. A letter from the San Francisco District Attorney's office accompanied by a pre-sentence report indicated that Petitioner pleaded guilty to a felony charge of accessory to possession of a controlled substance on June 26, 2000, but failed to appear for sentencing.

Petitioner filed an appeal as of right raising the same claims contained in the present petition. The Michigan Court of Appeals affirmed his convictions and sentence. *People v. Henry*, No. 250165, 2005 WL 354577 (Mich. Ct. App. Feb. 15, 2005) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Henry*, 474 Mich. 885 (2005).

Petitioner then filed the instant petition for writ of habeas corpus raising the following claims:

> I. Arguments denigrating the defense and appealing to jurors' sympathy made by the prosecution during its closing and rebuttal arguments denied Petitioner any chance at a fair trial.
>
> II. Petitioner must be re-sentenced because the existence of a prior California conviction for accessory to possession of a controlled substance was not established under MCL 769.13(5)(A)-(D).
>
> III. Petitioner was denied his state and federal constitutional rights to the effective assistance of counsel at sentencing when counsel failed to object to the incorrect scoring of offense variables 4 and 10 for first-degree criminal sexual conduct.

Respondent has filed an answer to the petition, asserting that the claims should be

denied based upon procedural default and/or for lack of merit.

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this

3

> Court's decisions but unreasonably applies that principle to the facts of
> the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 411. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

The AEDPA also requires that this Court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Analysis

A. <u>Prosecutorial Misconduct Claim</u>

Petitioner first says that he is entitled to habeas relief because the prosecution engaged in misconduct during closing arguments by denigrating the defense and appealing to jurors' sympathies. Respondent contends that this claim is barred by procedural default because Petitioner failed to object to the prosecution's comments at trial.

Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Couch v. Jabe*, 951 F.2d 94 (6th Cir. 1991). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing Petitioner's prosecutorial misconduct claims, the court of appeals relied upon a state procedural bar -- Petitioner's failure to object to the alleged improper conduct at trial. *See Henry*, 2005 WL 354577 at *1. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687,

521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Thus, the claim is procedurally defaulted and barred from habeas review unless Petitioner can show cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner, asserts ineffective assistance of counsel as cause to excuse his default. A claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is itself an independent constitutional claim which requires exhaustion in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). A petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. *See* 28 U.S.C. §§ 2254(b)(1)(A), 2254(c). Petitioner alleged ineffective assistance of counsel as cause for failing to object to the alleged prosecutorial misconduct for the first time in this case. Because Petitioner did not raise nor exhaust this ineffective assistance of counsel claim in the Michigan courts, however, he cannot rely upon such a claim to establish cause to excuse his procedural default. *See Coleman v. Mitchell*, 268 F.3d 417, 432 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417-18 (6th Cir. 2001). As such, Petitioner has not established cause to overcome his procedural default.

A federal court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See, e.g., Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).[1]

---

[1] Even if the Court were to consider Petitioner's prosecutorial misconduct claim, it lacks merit for the reasons stated by the Michigan Court of Appeals. *See Henry*, 2005

Further, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995); *Murray*, 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing.

Overall, Petitioner's prosecutorial misconduct claim is barred by procedural default and do not warrant federal habeas relief.

## B. Sentencing Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in sentencing him as a habitual offender based upon a prior California conviction. Respondent contends that this claim is not cognizable upon habeas review. The Court agrees.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that

---

WL 354577 at *1. Petitioner has not shown that his trial was rendered fundamentally unfair.

7

Petitioner asserts that his sentencing as a habitual offender was erroneous under state law, he fails to state a claim for federal habeas relief. It is well-established that federal habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000). Habeas relief is not warranted on any claim that Petitioner's habitual offender sentence was improper under state law.[2]

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. The record reveals that the trial court considered the available documents and arguments made by both parties at sentencing in determining that Petitioner should be classified as a second habitual offender. Petitioner had an opportunity to contest the accuracy of the reports, as well as the scoring of the offense variables and guidelines and other relevant sentencing

---

[2]Further, the Michigan Court of Appeals concluded that the trial court had sufficient documentation from California to show that Petitioner had a prior felony conviction for the purpose of establishing his status as a second habitual offender under Michigan law. *See Henry*, 2005 WL 354577 at *1. The Court of Appeals' decision on this state law issue is entitled to deference on federal habeas review. *See* discussion *infra.* This Court finds no reason to second-guess the state court's decision.

factors. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence. He is thus not entitled to habeas relief on this claim.

### C. Ineffective Assistance of Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective at sentencing for failing to object to the scoring of Offense Variables 4 and 10 of the state sentencing guidelines. Respondent contends that this claim lacks merit and does not warrant habeas relief.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals concluded that defense counsel was not ineffective for failing to object to the scoring of the sentencing guidelines because the record supported the trial court's scoring of Offense Variables 4 and 10. *See Henry*, 2005 WL 354577 at *2. This decision is neither contrary to United States Supreme Court precedent nor an unreasonable application thereof. The Michigan Court of Appeals' determination that the sentencing offense variables were properly scored is a matter of state law, *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006), which is entitled to deference on habeas review as state courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 126 S. Ct. 602, 604 (2005); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Because the offense variables were properly scored under the Michigan sentencing guidelines, any objection to their scoring would have been futile.[3] Consequently, Petitioner cannot establish that defense counsel was

---

[3] Furthermore, the Court would agree with the Michigan Court of Appeals' conclusion that Offense Variables 4 and 10 were properly scored as a matter of state law. *See Henry*, 2005 WL 354577 at *2.

deficient and/or that he was prejudiced by counsel's conduct in not objecting to the scoring of the offense variables and the sentencing guidelines.  Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief on the claims contained in his petition.  Accordingly, the petition is DENIED.  This case is DISMISSED.

SO ORDERED.


Dated:  December 13, 2007          s/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Daniel Henry, 463753, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 on this date, December 13, 2007, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5160